[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. The Dissolution of the Marriage
It is found that all of the allegations of defendant's complaint have been proven, that the marriage has broken down irretrievably, and the marriage is ordered dissolved for that reason.
II. The Marital Estate of the Parties
 Husband
1/2 interest in No. 73 Grandview Terrace, Hartford, CT
Total Value $67,500
— mortgage — 14,022
Total Equity $53,478
1/2 Equity $26,739
Computer, printer, surveying equipment —
Cash at home 2,000
Bank accounts 1,200
Pension — City of Hartford —
1997 Acura Value $17,000 Less loan — 15,500
Equity $ 1,500 1,500
1989 Honda Civic 500
$31,939 CT Page 2615
Wife
1/2 Equity in No. 73 Grandview Terrace, Hartford, CT $26,739
1992 Honda Civic 3,000
Checking Account 1,229
Credit Union Savings 50
Money Market Account 15,657
Pension 4,633
T. Rowe Price 3,908
I.R.A. 24,366
$79,581
Total Marital Estate $111,520
III. A Review of the Evidence As It Relates to Conn. Gen. Stat. Sec. 46b-81c
A. General Background Information
The plaintiff husband and the defendant wife, both of whom are sixty-six years of age, were married on July 17, 1959, forty-two years ago. They have two children, both of whom have reached their majority. The early years of their marriage were spent in Jamaica, where they were both born and raised. Defendant was the first to migrate to the United States, arriving here in 1969. Plaintiff came to this country two years later. Together again, the parties settled in Hartford where they obtained employment, purchased a house and raised their family.
The plaintiff is a registered land surveyor who was employed in that capacity by the Town of Windsor from 1973 until 1984 and from then until the present time has worked in a similar capacity for the City of Hartford. A serious, hardworking and competent surveyor, he has during the past several years on weekends undertaken surveying property for several contractors in the Hartford area. In his employment for the City of Hartford plaintiff's financial affidavit reflects a gross weekly income of $1,167 with a weekly net after the usual deductions of $773. In addition, plaintiff reports a weekly gross of $247 from his weekend CT Page 2616 employment and a weekly net of $58 after tax and business deductions.
Defendant, also hard working, was for most of the marriage employed as a nurse's aide at various convalescent homes. Most recently she was employed at Brittany Farms in New Britain where she worked between 24 and 32 hours per week until September, 2001. She describes herself presently as retired. She began receiving social security in July, 2000, and her current financial affidavit indicates that she receives $190 weekly from that source.
B. Education
The court's notes have very little of help on this factor. Plaintiff, a skilled land surveyor, stated that he had the equivalent of two years of college. Defendant, a trained nurse's aide, obviously has had extensive training in that field. Both parties give the court the impression of being bright, knowledgeable and well mannered.
C. Health
Plaintiff testified that he had had high blood pressure for ten years and that he took two medications per day for glaucoma. He added that he saw a doctor two months ago, and that his cataracts were getting worse.
Defendant's medical problems appear to be of a more serious nature. She was diagnosed with cancer of the vagina in 1986, underwent five weeks of external radiation, enjoyed several years while the problem was in remission, only to have lymph nodes develop in her groin in 1992, which required surgery. These various problems have interfered with her walking, requiring her to wear special types of shoes and stockings. In spite of her various health problems she has the appearance of a cheerful and determined woman.
D. Fault
Plaintiff described a number of instances where defendant appeared to be less than the model wife. He testified that she stopped cooking for him in 1992, that she had thrown his clothes out on the front lawn, cut his neckties in half with a scissors and that sex with her ended in 1997 when she threw him out of the house.
The court has the impression that defendant's conduct was a backlash to plaintiff's own lifestyle. In defendant's testimony she stated that the marriage was never quite the same after 1983 when plaintiff brought to Hartford a daughter whom he had fathered out of wedlock while the parties resided in Jamaica. Defendant was adamant that the child not live with CT Page 2617 them and stated that "things were never quite the same after that." In defendant's words, plaintiff "was always a playboy." Plaintiff presently resides in Windsor at the home of a fellow employee.
This court finds that fault for the breakdown of the marriage rests with plaintiff.
Other Factors
Plaintiff has a greater opportunity than does defendant for the future acquisition of capital assets and income.
Defendant's disabilities exceed those of plaintiff.
The parties have contributed equally, each in his or her own way, in the acquisition, preservation or appreciation in value of their marital estate.
Conclusion
Having reviewed and weighed all of the evidence as it relates to Conn. Gen. Stat. § 46b-81c and having given particular weight to such predominate factors as the length of the marriage, the comparative health and income of the parties, and fault for the breakdown of the marriage, this court orders that the marital estate of the parties be divided as follows:
Plaintiff 30 percent in value
Defendant 70 percent in value
IV. The Distribution of the Marital Estate in Accordance with the Findings Made in Article III, Supra
Total Marital Estate $111,520
Plaintiff's 30% Interest $ 33,456
Defendant's 70% Interest $ 78,064
Plaintiff Shall Take and Have:
Computer, printer, surveying equipment —
Cash at home $ 2,000 CT Page 2618
Bank accounts 1,200
Pension — City of Hartford —
1998 Acura equity 1,500
1989 Honda Civic 500
Amount due from defendant 28,256
Total amount due plaintiff $33,456
Defendant Shall Take and Have:
 Total equity in No. 73 Grandview Terrace, Hartford, CT $53,478
1992 Honda Civic 3,000
Checking account 1,229
Credit union savings 50
Money market account 15,657
Pension 4,632
T. Rowe Price 3,908
I.R.A. 24,366
Subtotal $106,320
Less Amount Due Plaintiff — 28,456
Total Due Defendant $78,064
IV. Supplemental Orders Relating to the Breakdown of the Marital Estate
A. Plaintiff shall quitclaim to defendant all his right, title and interest in premises known as No. 73 Grandview Terrace, Hartford, Connecticut. Defendant in turn will provide plaintiff with a promissory note and mortgage to secure her debt to him in the amount of $28,456, the details of which are more fully set forth in paragraph B following. CT Page 2619
B. The Promissory Note
Said sum of $28,456 due plaintiff by defendant shall be secured by a promissory note in that amount, together with a mortgage on No. 73 Grandview Terrace, Hartford, Connecticut — owned by defendant. Said note shall bear interest at the rate of five percent per annum and shall be payable in manner and form as follows:
By the payment of $5,000 together with accrued interest one years from date hereof and by the payment of a like sum of $5,000 together with accrued interest annually thereafter until March, 8, 2008, at which time all then remaining balances of principal and interest shall be fully due and payable.
Said note shall contain inter alia the following provisions:
1. In the event of default in the payment of any of said annual installments of principal and/or interest for a period of more than 60 days, the whole amount of said unpaid balance of said note shall be fully due and payable at the option of the holder of said note.
2. In the event the maker of said note transfers title to the premises mortgaged to secure said note, the whole unpaid amount of said note shall be immediately due and payable at the option of the holder thereof.
3. In the event of the death of the maker of said note prior to its maturity, the entire unpaid balance of interest and principal shall be immediately due and payable.
4. The maker of said note reserves the right to anticipate payments of principal or interest in whole or in part at any time.
C. Each party shall execute all documents necessary to carry out the orders of this court.
VI. Other Orders Concerning the Parties
A. Alimony
In issuing the following orders, the court has considered all of the provisions of Conn. Gen. Stat. § 46b-82c. In particular it has noted the length of the marriage, forty-two years, and the condition of defendant's health. The court has chosen not to divide plaintiff's pension equally between the parties because of the uncertainties surrounding defendant's physical condition. Rather, it has chosen to use other means to ensure continual financial parity between the parties CT Page 2620 during their remaining lifetime. In its effort to equalize the incomes of the parties, the court has elected not to consider any income received by plaintiff from his weekend labor, believing that a man of plaintiff's age should not be required to work weekends as well as weekdays. Likewise, the court has not considered any interest defendant may receive from her various bank accounts, since much if not all of said accounts may be expended by defendant in payment of the debt due plaintiff resulting from the orders of this court. Further, the court is aware that it is likely in the not too distant future that plaintiff will retire, thus requiring a recomputation and modification of any orders presently being issued. All this having been said, it is ordered that plaintiff pay defendant as alimony the sum of $292 per week. Said sum shall be modifiable as to amount only but shall sooner terminate upon the remarriage of the defendant or the death of either party.
B. Life Insurance
Plaintiff is ordered to continue to maintain his present life insurance policy in the face amount of $120,000 during such time as he shall be required to pay alimony to the defendant.
C. Liabilities
Each party shall be solely liable for all debts listed on his or her financial affidavit, and shall hold the other party harmless in that regard.
D. Counsel Fees
No counsel fees are awarded to either party.
BY THE COURT
John D. Brennan Judge Trial Referee